**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

ZHIZHI WANG,
Petitioner,
v.
WARDEN, IMPERIAL REGIONAL DETENTION FACILITY, et al.,
Respondents.

Case No.: 3:26-cv-06399-RBM-SBC

**ORDER GRANTING IN PART PETITION**

**[Docs. 1, 3]**

Before the Court are Petitioner ZhiZhi Wang's ("Petitioner") Verified Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 (Doc. 1) and Motion for Temporary Restraining Order ("TRO Motion") (Doc. 3). For the reasons below, the Petition is **GRANTED in part** and the TRO Motion is **DENIED as moot**.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit

judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## II. DISCUSSION

Petitioner argues that her detention without a bond hearing under 8 U.S.C. § 1225(b) has become unreasonably prolonged in violation of the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 28–40.) She seeks a prompt bond hearing or immediate release. (*Id.*, Prayer for Relief; Doc. 7 at 2–7.) Respondents "do not oppose an order from this Court directing a bond hearing." (Doc. 6 at 2.)

The Court has granted petitions filed by similarly-situated petitioners. *See, e.g.*, *Hussain v. LaRose*, Case No.: 3:26-cv-00194-RBM-MSB, 2026 WL 206715, at *2–4 (S.D. Cal. Jan. 27, 2026). In *Hussain*, the Court "join[ed] the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process," and that the circumstances of the case demonstrated that the petitioner's detention had become unreasonably prolonged. *Id.* The Court incorporates its reasoning from *Hussain* and makes the same findings here. Therefore, and in light of Respondents' concession, the Court **GRANTS** the Petition to the extent it requests a bond hearing. The Court **DENIES** the Petition to the extent it seeks immediate release. *Accord Haftekiros v. LaRose*, Case No.: 3:26-cv-03658-RBM-SBC, 2026 WL 1967082, at *1 (S.D. Cal. July 7, 2026) (ordering bond hearing but not immediate release).

## III. CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **GRANTED in part**. The Petition is **DENIED** to the extent it seeks immediate release. Accordingly:

1. Respondents are **ORDERED** to arrange an individualized bond hearing for Petitioner before an immigration judge within **seven (7) days** of entry of this Order—unless the noncitizen requests a continuance—to determine whether his continued detention is warranted.

2. The Government **SHALL BEAR** the burden of establishing, by clear and convincing evidence,[1] that the noncitizen poses a danger to the community or a risk of flight. If the noncitizen does not request a continuance, and no hearing occurs **within seven (7) days** of entry of this Order, Petitioner shall be released from Respondents' custody.
3. If the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay.[2]
4. On or before **December 15, 2026**, Respondents **SHALL FILE** a status report indicating whether and when Petitioner received a bond hearing, and the outcome of that bond hearing.
5. The TRO Motion (Doc. 3) is **DENIED as moot**.

**IT IS SO ORDERED.**

DATE: November 23, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1] *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").

[2] *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017) ("A bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests.").